J-S07007-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MOORE, | : | |
| | : | |
| Appellant | : | No. 3076 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 29, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008499-2011

BEFORE:    NICHOLS, J., KING, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:    Filed: May 8, 2020

I reluctantly join the memorandum fashioned by the learned Majority. I join because the Majority has expertly crafted a memorandum that comports with Pennsylvania law as it exists.

I do so reluctantly because, as set forth eloquently in the dissenting opinions of Chief Justice Nix and Justice (later Chief Justice) Zappala in *Commonwealth v. Williams*, 475 A.2d 1283 (Pa. 1984), Pennsylvania law took a wrong turn when it departed from the *per se* rule requiring the presence of an interested adult during a police interview of a juvenile in order for the juvenile's confession to be admissible.

Judge Nichols joins this concurring memorandum.

_____

*Retired Senior Judge assigned to the Superior Court.